# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
2100 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MINNESOTA 55402-2112
WWW.FULBRIGHT.COM

CAYOUNG@FULBRIGHT.COM  
DIRECT DIAL: (612) 321-2816

TELEPHONE:   (612) 321-2800  
FACSIMILE:   (612) 321-9600

August 17, 2004

**VIA FEDERAL EXPRESS**

Gale R. Peterson, Esq.
Special Master
Cox & Smith, Inc.
112 E. Pecan Street
San Antonio, TX 78025

Re: *Computer Associates Int'l, Inc. v. Simple.com, Inc., et al.*
<u>Docket No. 02-cv-2748 (DRH/MLO)</u>

Dear Special Master Peterson:

I write on behalf of Defendants Simple.com, Inc. and Wired Solutions, LLC (collectively "Simple") to move for an order striking the Expert Report of Gerald Goldberg ("Goldberg Report") submitted by Plaintiff Computer Associates International, Inc. ("CA"). The opinions set forth in the Goldberg Report are irrelevant because they relate exclusively to the defense of inequitable conduct, which has not been pleaded in this case. Unless the court strikes the Goldberg Report, Simple will be forced to spend needless hours and thousands of dollars to retain an expert, prepare a rebuttal report, and to take and defend expert depositions – all to rebut a phantom inequitable conduct defense that has not been pleaded. Instead, the Special Master should strike the Goldberg Report.

**Factual Background**

On May 6, 2002, CA commenced this action seeking a declaration that Simple's patents are invalid, unenforceable, and not infringed. CA later amended its complaint twice – the last time on October 3, 2003. Ex. 1. None of CA's three complaints included a claim of inequitable conduct.

The court initially set July 1, 2003 as the deadline for moving to amend the pleadings. Ex. 2. The court later extended that deadline to October 17, 2003. Ex. 3 at 4. CA allowed the October 17, 2003 deadline to expire without asserting a claim of inequitable conduct.

Nearly six months after the deadline for amending the pleadings expired, CA requested the court's permission to move for leave to file a third amended complaint which included for the first time the defense of inequitable conduct. Ex. 4. Simple opposed CA's request and pointed out that CA had not established the "good cause" necessary to amend the scheduling order. Ex. 5. Simple also explained that CA's proposed inequitable conduct defense was meritless because

30768486.1

HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO • HONG KONG • LONDON • MUNICH

Special Master Gale R. Peterson, Esq.
August 17, 2004
Page 2

the facts alleged by CA would not support that defense. *Id.* Apparently the court agreed with Simple because in the four months that have elapsed since receiving the parties' submissions, the court has not granted permission for CA to even bring a motion to amend. It is therefore undisputed that inequitable conduct is not at issue in this case.

Despite these facts, on July 30, 2004, CA served the Goldberg Report, which relates solely to the phantom claim of inequitable conduct. Ex. 6. By serving the Goldberg Report, CA has attempted to do through the back door what it has not received permission to do through the front door. It has tried to inject inequitable conduct into this litigation without the court's permission. CA also has refused Simple's request to withdraw the Goldberg Report, incorrectly stating that it "timely moved" to amend the pleadings and that its motion is still pending. Ex. 7. It has not done so; it has merely sought permission, six months after the deadline for doing so, to move to amend the pleadings. Ex. 4. CA has never brought a motion to amend, it has only submitted a letter seeking permission to bring a motion to amend, which has not been granted. CA cannot be allowed to force an unpleaded defense into this action simply by serving an expert and trying to strong-arm Simple into responding and conducting expert discovery.

**Goldberg's Purported Opinions Relating To An Unpleaded Claim Of Inequitable Conduct Are Irrelevant To This Case And Should Be Stricken.**

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." According to the advisory committee, "[r]elevancy . . . exists only as a relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401 advisory committee's note. Any evidence that does not meet the standard set forth in Rule 401 is not relevant and is not admissible. *See* Fed. R. Civ. P. 402. Because the Goldberg Report relates solely to inequitable conduct, which has not been pleaded, it is not relevant, and therefore is not admissible. *See Jones v. Spentonbush-Red Star Co.*, 155 F.3d 587, 593 (2d Cir. 1998) (citing Fed. R. Evid. 401 and 402 in support of the finding that "evidence offered to prove a matter not at issue is immaterial").

Courts in the Second Circuit regularly exclude evidence that relates solely to claims or defenses that are not at issue. *See, e.g., Giles v. Rhodes*, 2000 U.S. Dist. LEXIS 13980 at *11-12 (S.D.N.Y. Sept. 26, 2000) (Ex. 8); *Gavenda v. Orleans County*, 2000 U.S. Dist. LEXIS 13915 at *22-23 (W.D.N.Y. Sept. 20, 2000) ("[A]ll evidence regarding unclaimed and unrelated categories of alleged discrimination were properly excluded by [the court].") (Ex. 9). In *Giles v. Rhodes*, the defendant sought to introduce the report and testimony of an expert witness to rebut a claim of neurological damage that the plaintiff had abandoned. The court properly concluded that "[i]f plaintiff's neurological health is not in issue, then [the defendant's expert's] testimony is not only not needed . . . it is not relevant." *Giles v. Rhodes*, 2000 U.S. Dist. LEXIS 13980 at *12. The court excluded the expert report finding that "an irrelevant expert report, like irrelevant testimony, is not admissible." *Id.* The same reasoning applies in this case. Because inequitable conduct is not in issue, the opinions and testimony of Mr. Goldberg are not relevant and therefore are inadmissible.

30768486.1

Special Master Gale R. Peterson, Esq.
August 17, 2004
Page 3

If the Goldberg Report is not stricken, prudence and the existing expert discovery deadlines will require Simple to retain an expert, prepare a rebuttal expert report, and take and defend expert depositions on CA's purported inequitable conduct defense. The effort and expense to do so cannot be underestimated; Simple will be forced to invest needless hours at a cost of thousands of dollars to defend against an unpleaded defense that is not a part of this action.

CA will inevitably respond by raising questions about what will happen if the Special Master grants this motion and the court later allows amendment. The Special Master should not be swayed by such conjecture, particularly because the court is unlikely to give CA permission to even bring a motion to amend. The court has already expressed its frustration at CA's numerous requests for extensions. In the June 1, 2004 Order, Judge Hurley stated, in response to CA's request for an extension of expert report deadlines, that "NO FURTHER EXTENSIONS WILL BE GRANTED ABSENT EXTRAORDINARY CIRCUMSTANCES." Ex. 10 (emphasis in original). In addressing CA's suggestion that it may seek further extensions, Judge Hurley warned that "the Court is underwhelmed by the prospect that [CA] is seeking a sixty-day extension of an existing deadline that it does not expect to honor." *Id*. He concluded by noting that CA "is advised to adjust its strategy [of seeking further extensions] accordingly." *Id*. That frank admonition suggests that the court has grown tired of CA's repeated requests to extend court-ordered deadlines. There simply is no reason to believe that the court would allow CA to add the proposed inequitable conduct claim long after the deadline to amend and long after the completion of all fact discovery.

The minimal possibility that the court may eventually allow CA to plead inequitable conduct provides no reason to deny this motion. Even if inequitable conduct is eventually added to the case, the court is perfectly equipped to determine at that time how to the parties should address Mr. Goldberg's opinions. The minimal possibility that the court will ever have to make such a decision is not a sufficient ground to force Simple to invest untold hours and tens of thousands of dollars to respond to a meritless and irrelevant claim. For these reasons, Simple respectfully requests that the Special Master strike the purported Expert Report of Gerald Goldberg from this case.

Sincerely yours,

*Christopher A. Young*

Christopher A. Young

cc:   Chris Martiniak, Esq. (via facsimile w/o items filed under seal and U.S. mail)
      John P. McEntee, Esq. (via facsimile w/o items filed under seal and U.S. mail)

30768486.1