# HellerEhrman
ATTORNEYS

September 7, 2004

*Via Federal Express*

Michael M. Markman
MMarkman@hewm.com
Direct (650) 324-7089
Direct Fax (650) 324-6083
Main (650) 324-7000
Fax (650) 324-0638

21033.0072

Gale R. Peterson
112 E. Pecan St., Suite 1800
San Antonio, TX 78205

Re:   *Computer Associates International, Inc. v. Simple.com, Inc.*
      **U.S.D.C., Eastern District of New York; CV 02-2748 (DRH)(MLO)**

Dear Special Master Peterson:

I submit this letter brief on behalf of Computer Associates International, Inc. ("CA") on an emergency basis to seek an order compelling Simple.com to make its expert, Richard Belgard, available for a second day of deposition.

Mr. Belgard submitted three separate expert reports on Simple's behalf, two concerning infringement and one on validity. His opinions are central both to CA's invalidity claims and Simple's infringement counterclaims. CA needs time to examine him about those opinions, and is given the right to do so by the Federal Rules.

Simple refuses to make Mr. Belgard available for more than one seven-hour day. Simple insists that seven hours, "if used well," will be more than enough for Mr. Belgard's deposition. It argues that if CA "diligently" attempts to complete Mr. Belgard's deposition within seven hours and still needs more time, Simple might revisit the issue. (Ex. 1 (attaching all meet and confer correspondence.)) At the same time, however, Simple insists the deposition can *only* go forward on September 30 – the *last day* of expert discovery.

### *Two Days Are Necessary For A Fair Examination Of Mr. Belgard*

CA cannot undertake a fair examination of Mr. Belgard's opinions on issues of infringement and validity in a single seven-hour day. CA's request fully comports with the Federal Rules. Rule 30(d)(2) provides:

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court **must** allow additional time consistent with Rule 26(b)(2) **if needed for a fair examination of the deponent** or if the deponent or another person, or other circumstances, impedes or delays the examination.

Fed. R. Civ. P. 30(d)(2) (emphasis added).

Heller Ehrman White & McAuliffe LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hewm.com

**San Francisco**   Silicon Valley   Los Angeles   San Diego   Seattle   Portland   Anchorage   New York   Washington, D.C.   Madison, WI
Hong Kong   Beijing   Singapore      *Affiliated Offices:*   Milan   Paris   Rome



Gale R. Peterson
September 7, 2004
Page 2

The Federal Rules Advisory Committee Notes for the new Rule 30(d)(2) directly address the issue raised by this motion (the seven-hour limitation was adopted in the 2000 amendment to the Rules). The comments unambiguously explain:

> Finally, **with regard to expert witnesses, there may more often be a need for additional time**--even after the submission of the report required by Rule 26(a)(2)--**for full exploration of the theories upon which the witness relies**.

Advisory Committee Notes on Rules – 2000 Amendment (App. to 28 U.S.C.) (emphasis added).[1]

That is *exactly* the case here. CA cannot reasonably undertake an examination of Mr. Belgard concerning all of his opinions in one seven-hour sitting. Were CA forced to do so, no such examination could be considered "fair" within the meaning of Rule 30(d)(2). This is plainly evident based on a cursory review of Mr. Belgard's expert reports. Mr. Belgard has:

- Submitted two reports on the issue of infringement, which total 109 pages.

- Analyzed thirteen different accused products concerning allegations of infringement of thirty-four different patent claims in the three patents-in-suit.

- Prepared and submitted well over 500 pages of charts, along with his infringement reports, in an effort to support his conclusions.

- Further submitted a 129-page rebuttal report concerning CA's defenses of anticipation and obviousness, in which he purports to analyze at least 100 prior art references.

CA is submitting a copy of Mr. Belgard's first report on infringement, second report on infringement, and rebuttal report on validity for the Special Master's consideration with this motion. (Exs. 2-4.) The charts that Mr. Belgard submitted with his infringement reports are voluminous, but can be submitted at the Special Master's request.

### *CA's Request Is Not Unduly Burdensome*

Simple has never attempted to explain why CA's request would be unduly burdensome. It is not. Rule 26(b)(2) lists three factors for the Court to consider in determining whether to grant a party more time to take a deposition. Specifically, the Court should determine whether:

---

[1] During meet and confer discussions with Simple, CA pointed to Rule 30(d)(2) as support for CA's argument. Simple's lead trial counsel did not address the rule. He instead responded: "I think your logic and assertions simply are wrong with regard to our position on Mr. Belgard's deposition. First, in all my years of litigating patent infringement actions, this is the first time that any party has ever asserted that because an expert provided multiple reports, they are entitled to multiple days of deposition -- and that includes cases where the expert reports were much more voluminous than here. You have not cited to any cases that support your position. To suggest that our position is not well-founded is simply wrong." (Ex. 1 at page 2.)

**HellerEhrman**
ATTORNEYS

Gale R. Peterson
September 7, 2004
Page 3

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2).

These conditions are not an issue. First, a second day of deposition for Mr. Belgard will not be unreasonably cumulative. CA obviously intends to ask Mr. Belgard different questions so that CA can test his opinions concerning infringement, anticipation, and obviousness. Second, without an additional day of deposition, CA will not have any other opportunity to test Mr. Belgard's opinions.

Third, the minor burden of an additional day of deposition is far outweighed by CA's need to adequately examine Simple's expert. CA is not seeking to take Mr. Belgard's deposition for a week; it merely seeks an additional seven-hour day. For its part, a different expert will testify on CA's behalf concerning non-infringement (Carol Lerche) and invalidity (Danny Goodman). By Simple's logic concerning the relative burden on Simple from an extra day of deposition, Simple should only be permitted to depose Ms. Lerche for 3 1/2 hours and Mr. Goodman for 3 1/2 hours. CA has acted in good faith, and has never attempted to take such a position.

### *The Special Master Should Not Wait To Grant CA's Motion*

When CA first asked Simple to agree to an additional deposition day for Mr. Belgard, Simple refused. Simple later changed its position to argue that it should be permitted to take the deposition of CA's expert, Danny Goodman, for two days, too. When CA agreed to Simple's demand, however, Simple still declined to make Mr. Belgard available for an additional day of deposition. Instead, Simple insisted that it might permit CA to depose Mr. Belgard for a second day if CA's counsel first makes a "diligent effort to complete his deposition within the 7 hour period." Ex. 1 p 1.

Simple's proposal is unworkable. It would force CA's counsel to rush through the first day of deposition in an effort to examine Mr. Belgard about all of his opinions. It would then require CA to file a motion after the fact to show that CA's counsel had been diligent in his or her examination. And then Simple could argue that the close of expert discovery on September 30 – the only day Simple will make Mr. Belgard available for deposition – precludes another day of deposition.

The Committee Notes for the 2000 amendment to Rule 30(d) explain that "[i]t is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court." *Id.* Simple has not followed this guidance. Indeed, it has done *everything possible* to prevent Mr. Belgard from testifying a second day – from refusing to schedule Mr. Belgard's deposition prior to the last day for expert discovery (September 30), to demanding a second day of deposition for CA's expert, to forcing CA to file this motion. At this point, only the Special Master can give CA a full and fair opportunity to test Simple's expert in deposition.



Very truly yours,

*Michael M. Markman* /S.E.

Michael M. Markman

cc:    Sharna Wahlgren, Esq.
       Alan Anderson, Esq. (via facsimile)