UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
COMPUTER ASSOCIATES
INTERNATIONAL, INC.

        Plaintiff,      **MEMORANDUM & ORDER**
               02 Civ. 2748 (DRH) (MLO)

  - against -

SIMPLE.COM, INC., WIRED
SOLUTIONS, LLC., a revoked Nevada LLC,

       Defendants.
----------------------------------X

**APPEARANCES :**

**HELLER EHRMAN WHITE & MCAULIFFE LLP**
Attorneys for Plaintiff
333 Bush Street
San Francisco, California 94104-2878
By: L. J. Chris Martiniak, Esq., Michael M. Markman, Esq., & Robert D. Fram, Esq.**,** Wei-Drin
  Lee, Esq., Samuel F. Ernst, Esq.

**FARRELL FRITZ, P.C.**
Attorneys for Plaintiff
EAB Plaza
West Tower-14th Floor
Uniondale, New York 11556-0120
By: John P. McEntee, Esq.

**FULBRIGHT & JAWORSKI LLP**
Attorneys for Defendants
225 South Sixth Street, Suite 4850
Minneapolis, Minnesota 55402-4320
By: Alan M. Anderson, Esq., Mark E. Ungerman, Esq., & Sharna A. Wahlgren Esq.,

**RIVKIN RADLER LLP**
Attorneys for Defendants
EAB Plaza
Uniondale, New York
By: Stephen J. Smirti, Jr., Esq.

**GALE R. PETERSON, ESQ.**
Special Master
112 E. Pecan Street
Suite 1800
San Antonio, Texas 78205

**HURLEY, Senior District Judge:**

Presently before the Court is the motion of Plaintiff CA, Inc. ("CA" or "Plaintiff") for (1) a protective order staying discovery on willful infringement pending the disposition of CA's motion for summary judgment of non-infringement and (2) bifurcation of the trial on liability from the trial on damages and willful infringement and bifurcations of and a stay of further discovery on willful infringement. Both forms of relief are opposed by Defendants Simple.com, Inc. and Wired Solutions, LLC (collectively "Simple" or "Defendants"). For the reasons set forth below, the both motions are denied.

*Background*

CA "is a provider of software solutions and services for the management of information technology infrastructure, business information, and application development." (3d Amended Complaint ¶ 2.) Defendants are the current owners of three patents: U.S. Patent Nos. 6,272,493 ("493"), 6,434,563 ("563"), and 6,535,882 ("882"). In its complaint, as amended, CA seeks a declaratory judgment that the three patents are invalid, unenforceable, and "not infringed" by Plaintiff's products. (*See id.* ¶ 34.) Simple has counterclaimed against CA for willful infringement. (Amended Answer and Counterclaims ¶¶ 11-25 and Prayer for Relief ¶ 5.)

On September 1, 2004, CA notified Simple that it elected to invoke the advice of counsel defense to rebut the accusation of willful infringement. CA produced two opinions of Cooper &

Dunham, LLP relating solely to the validity of the patents in suit. The first opinion is dated September 5, 2003 and relates to the '493 patent. The second opinion is dated March 3, 2004 and relates to the '882 and '563 patents.

CA has produced documents in response to Simple's document request for "[a]ll attorney's opinions upon which you intend to rely in asserting any defense against a claim of willful infringement in this case and all documents related to any such opinion." However, CA did not produce any communications between it and its Litigation Counsel claiming attorney-client privilege. Simple then moved before the Special Master for an order to compel.

By Order dated November 24, 2004 (the "Discovery Order"), the Special Master granted the motion, rejecting CA's claims that it did not waive the attorney-client privilege as to Litigation Counsel. (Special Master's Discovery Order at p. 23.) Further, the Special Master rejected CA's proposed temporal limitation limiting the waiver of privilege vis-a-vis trial counsel to the period prior to the commencement of the suit. (*Id*. at pp. 23-24.) Nonetheless, in order to protect litigation or trial strategy, the Special Master provided that any materials concerning the subject matter of the Cooper & Dunham opinions that also relate to trial or litigation strategy should be submitted for *in camera* review.

CA filed objections to the Special Master's Discovery Order. By Order dated October 26, 2006, this Court upheld the Special Master's Discovery Order and granted Defendants' motion to compel. Thereafter CA filed a petition for a writ of mandamus with the Federal Circuit asking that Court to vacate this Court's October 26, 2006 Order. On January 29, 2007, the Federal Circuit ordered that CA's petition be held in abeyance pending resolution of an earlier petition filed in another case entitled *In re Seagate Technology, LLC*. On August 20, 2007, the Federal

Circuit issued a decision in *Seagate*, --- F.3d ---, 2007 WL 2358677 (Aug. 20, 2007) and held that, in general, relying on an opinion counsel's work product does not waive work product immunity with respect to trial counsel. On September 17, 2007, the Federal Circuit granted CA's petition for a writ of mandamus, vacated this Court's October 23, 2006 decision and remanded for this Court to reconsider its discovery order in view of *Seagate*.

While CA's objections to the Special Master's Discovery Order were pending before this Court, the Special Master issued, *inter alia*, a Report and Recommendation on CA's motion for summary judgment on infringement in which he concluded that CA has not infringed any of the claims of the patents at issue (the "Infringement R&R"). Objections to the Infringement R&R (as well as other of the Report and Recommendations issued by the Special Master with respect to the motions for summary judgment) have been filed and are currently pending before this Court.

While its petition for a writ of mandamus was pending, CA made the instant motion to stay discovery related to the issue of willful infringement, more specifically discovery regarding CA's opinion of counsel defense, pending the Court's ruling on the Special Master's Infringement R&R. In addition, CA seeks to bifurcate discovery and trial of willfulness and damages from liability.

*Discussion*

*I. The Motion to Bifurcate*

In its motion CA seeks bifurcation of the liability trial from the trial of willfulness and damages and bifurcation and stay of further discovery on willful infringement. According to CA the motion should be granted because it will promote judicial efficiency and avoid jury

4

confusion. Simple opposes the motion on the grounds that there is overlap in evidence between liability on the one hand and damages and wilfulness on the other hand. Thus, Simple contends using two separate juries would be totally impractical while using a single jury for two disjointed trials would be inefficient.

Bifurcation is governed by Rule 42(b) of the Federal Rules of Civil Procedure which provides as follows:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trails will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaims, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trail by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). "[W]hether to bifurcate a trial . . . is a matter within the sound discretion of the trial court." *Getty Petroleum Corp. v. Island Transp. Corp.,* 862 F.2d 10, 15 (2d Cir. 1988). "To determine whether bifurcation is warranted, courts generally consider the following three factors: '1) whether significant resources would be saved by bifurcation, 2) whether bifurcation will increase juror comprehension, and 3) whether bifurcation will lead to repeat presentations of the same evidence and witnesses.'" *Weddingchannel.com Inc. v. The Knot, Inc.,* 2004 WL 2984305, *1 (S.D.N.Y. 2004) (quoting *Gaus v. Conair Corp.,* 2000 WL 1277365, *3 (S.D.N.Y. Sept. 7, 2000)). The moving party bears the burden of establishing that bifurcation is warranted. *Id*. (citing *Dallas v. Goldberg,* 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001)). In all cases, including patent cases, bifurcation is the exception, not the rule. *See, e.g., Kos Pharms, Inc., v. Barr Labs, Inc.,* 218 F.R.D. 387, 390-91 (S.D.N.Y. 2001); *William Reber LLC v.*

5

*Samsung Elect. Amer. Inc.,* 220 F.R.D. 533, 536 (N.D. Ill. 2004), *vacated in part on other grounds,* 2004 WL 2535074 (N.D. Ill. Sept.27, 2004); *Real v. Bunn-O-Matic Corp.,* 195 F.R.D. 618, 610 (N.D. Ill. 2000).

CA argues that judicial resources would be preserved by bifurcation because a finding of no liability would obviate entirely the need for a second trial. However, the same could be said of every case. In this case, the bifurcation as proposed by CA could result in unnecessary expense, inconvenience, and delay. CA does not propose any stay on damages discovery. Indeed, damages discovery has been proceeding over the course of this now five year old case. CA does propose to bifurcate and stay discovery on wilfulness. Ergo, if there is a finding of liability, time for discovery on willfulness will then be necessary resulting in a delay of the second trial. With the second trial delayed there is a distinct possibility that jurors may become unavailable requiring the need to empanel a second jury. Moreover, because the issues of liability and willfulness overlap in this case, bifurcation could result in unnecessary expense, inconvenience and delay. Consideration of judicial resources in this case does not favor bifurcation.

The Federal Circuit has recently announced a new standard for willful infringement: "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and "that this objectively defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Technology, LLC,* ---F.3d --- , 2007 WL 2358677 (C.A. Fed. Aug. 20, 2007). Although the standard has changed, the interdependence of willfulness and infringement has not given that

the "objectively defined risk" is "determined by the record developed in the infringement proceeding." *Id.* Accordingly, "[a] willfulness determination . . . is a finding of fact inextricably bound to the facts underlying the alleged infringement." *THK America, Inc., v. NSK Co. Ltd.,* 151 F.R.D. 625, 629 (N.D. Ill. 1993). The overlap of evidence on the issues of liability and willfulness in this case, heavily disfavors CA's proposed bifurcation. *Accord Trading Techs. Int'l Inc. v. eSpeed, Inc.,* 431 F. Supp. 2d 834, 841 (N.D. Ill. 2006); *Gaus,* 2000 U.S. Dist. Lexis 12918, at *8.

In the Court's view consideration of juror comprehension only slightly favors bifurcation. The parties disagree on the complexities of this case. However, there is no basis upon which to conclude that the evidence will be more voluminous than is typically presented in other patent litigations. Also, this case involves computer software and computers are a topic, in this day and age, that a large portion of the population have at least some familiarity with as opposed to other, more esoteric types of patent litigation.

The last factor to be considered vis a vis bifurcation is the factor of prejudice and it is alleged prejudice that is the driving force beyond CA's motion. In its October 20, 2006 Memorandum and Order, this Court granted Simple's motion to compel documents related to Plaintiff's advice of counsel defense. This Court rejected CA's claim that it did not waive the attorney client privilege as to communications from Litigation Counsel on the subject matter of the Cooper & Dunham opinions[1] and rejected CA's proposed temporal limitation limiting the waiver of privilege vis-a-vis trial counsel to the period prior to the commencement of the suit.

---

[1] On September 1, 2004 CA notified Simple that it elected to invoke the advice of counsel defense to rebut the accusation of willful infringement. CA produced two opinions of Cooper & Dunham LLP relating solely to the validity of the three patents at issue in this case.

7

According to CA, "[b]ifurcation will avoid the prejudice and potentially unnecessary irreparable harm resulting if CA were required to produce its Litigation Counsel communications before liability has even been determined." CA Mem. in Supp. at 18. Simple retorts that CA's assertion of prejudice is based on its misunderstanding of the law of privilege, that CA lost its claim to privilege when it asserted the advise of counsel of defense and the production of documents is not prejudicial. Simple Mem. in Opp. at 19.

Since the making of the instant motion, the Federal Circuit vacated this Court's October 23, 2006 order granting simple's motion to compel. Given the Federal Circuit's ruling in *Seagate*, it is unlikely CA will suffer prejudice in the absence of bifurcation.[2]

## II. The Motion for a Protective Order

CA also moves for a protective order staying discovery related to the issue of willful infringement, more specifically discovery regarding CA's opinion of counsel defense, pending the Court's ruling on the Special Master's Infringement R&R.

Rule 26(c) of the Federal Rules of Civil Procedure implements the inherent power of the courts "to exercise appropriate control over the discovery process." *Herbert v. Lando,* 441 U.S. 153, 177 (1979). It provides in relevant part:

> Upon motion by a party or by the person from whom discovery is
> sought, and for good cause shown, the court in which the action is

---

[2] In its Order granting CA's petition for a writ of mandamus, the Federal Circuit noted that the rule set forth in *Seagate* is not absolute and that trial courts, in their discretion may extend the waiver to trial counsel if circumstances so warrant. Additionally, the Federal Circuit stated that this court may reconsider its discovery orders in view of *Seagate*. By order dated September 20, 2007, this Court directed the parties to file letter briefs addressing how to proceed in view of the granting of the writ by the Federal Circuit. Accordingly, the Court hereby *sua sponte* extends CA's time to move for reconsideration of the instant Order to ten (10) days from entry of an Order addressing how to proceed in view of the Federal Circuit's mandate.

8

> pending . . . may make any order which justice requires to protect a party or person from . . . undue burden or expense, including . . . that the discovery may be had only on specified terms and conditions, including a designation of the time and place.

Under Rule 26, courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order. *See, e.g., Transunion Corp. v. PepsiCo, Inc.,* 811 F.2d 127, 130 (2d Cir. 1987); *Port Dock and Stone Corp. v. Oldcaster Northeast, Inc.,* 2006 WL 897996 (E.D.N.Y. March 31, 2006); *United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999).

Whether discovery should be stayed pending the outcome of a dispositive motion depends on the circumstances of each case. *Hachette Dist. Inc., v. Hudson County News Co., Inc.,* 136 F.R.D. 356 (E.D.N.Y. 1991). Factors to be considered in determining whether a stay is warranted include (1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay: (4) the nature and complexity of the action; and (5) the posture of the litigation. *See Hollins v. U.S. Tennis Assoc.,* 469 F. Supp. 2d 67, 78 (E.D.N.Y 2006); *Port Dock and Stone*, 2006 WL 897996 at *2.; *Hachette*, 136 F.R.D. at 78.

Here, the Special Master has issued a Report and Recommendation recommending that CA's motion for summary judgment of noninfringement be granted. According, irrespective of whether this Court will ultimately accept or reject the Special Master's recommendation, CA has demonstrated that its summary judgment motion for noninfringement "appears to have substantial grounds." *Johnson v. New York Univ. Sch. of Educ.,* 205 F.R.D. 433, 434 (S.D.N.Y. 2002) Consideration of factor one weighs in favor of a stay.

Factors two and three, however, disfavor a stay. In view of the Federal Circuit's vacatur of this Court's Order granting Simple's motion to compel, any prejudice to CA appears minimal and does not outweigh any prejudice to Simple that might result from deferring discovery.

The present posture of the case also disfavors a stay. Motions for summary judgment have been filed and the Special Master has filed his reports and recommendations with respect thereto.

Having weighed the relevant factors, the motion for a protective order staying discovery on willfulness is denied.

## *Conclusion*

For the foregoing reasons, CA's motion to bifurcate is denied and CA's motion for a protective order is denied.

**SO ORDERED.**

Dated: Central Islip, New York
September 25, 2007

/s/_____
Denis R. Hurley
United States Senior District Judge