UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
CA, INC.,

               Plaintiff,                  **MEMORANDUM & ORDER**
                                           02 Civ. 2748 (DRH) (MLO)

       - against -                        <u>UNDER SEAL</u>

SIMPLE.COM, INC., WIRED
SOLUTIONS, LLC., a revoked Nevada LLC,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**APPEARANCES:**

**COVINGTON & BURLING**
Attorneys for Plaintiff
One Front Street
San Francisco, California 94111
By: Samuel F. Ernst, Esq., Robert D. Fram, Esq., Michael M. Markman, Esq., & Leonard Joseph
Martiniak, Esq.,


**FARRELL FRITZ, P.C.**
Attorneys for Defendants
EAB Plaza
West Tower-14th Floor
Uniondale, New York 11556
By: Stephen J. Smirti, Jr., Esq., John P. McEntee, Esq., & Celeste M. Butera, Esq.

**FULBRIGHT & JAWORSKI LLP**
Attorneys for Defendants
225 South Sixth Street, Suite 4850
Minneapolis, Minnesota 55402
By: John E. Lynch, Esq. & Joseph P. Zammit, Esq.

**RIVKIN RADLER LLP**
Attorneys for Defendants
EAB Plaza
Uniondale, New York 11556
By: Celeste M. Butera, Esq. & Stephen J. Smirti, Jr., Esq.

**GALE R. PETERSON, ESQ.**
Special Master
112 E. Pecan Street
Suite 1800
San Antonio, Texas 78205

**HURLEY, Senior District Judge:**

Plaintiff CA Inc., formerly known as Computer Associates International Inc., ("CA") commenced this action seeking a declaratory judgment that three patents owned by Defendants Simple.com, Inc. and Wired Solutions, LLC (collectively "Simple") are invalid, unenforceable, and not infringed by CA.  Simple has counterclaimed for infringement.  Presently before the Court are the objections of CA to the Report and Recommendation Regarding Written Description (Dkt. No. 556) ("Written Description R&R") of Special Master Gale Peterson.  For the reasons set forth herein, the objections are denied and the Court adopts the Written Description R&R.

**I.      Background**

A complete factual recitation regarding this matter is contained in this Court's Claim Construction Memorandum & Order, dated March 5, 2009, familiarity with which is presumed. For present purposes it suffices to state that the three patents at issue relate to computer technology and are U.S. Patent Nos. 6,272,493, 6,434,563, and 6,535,882 (the '493, '563, and '882 Patents respectively).  In general, the subject matter claimed in the '493, '563, and '882 Patents is meant to provide, what the patentee terms, a windowed content manifestation environment ("CME").  An exemplary CME is displayed below in Figure 2B from the '493 Patent.

2



FIG. 2B

**Figure 2B**

According to the patentee, this was an improvement over preexisting technology because the claimed invention lets one open, view, resize, minimize, move, and otherwise use multiple window objects on the same web browser screen, without: (1) triggering a refresh;[1] (2) having to go back and forth from one web page to another; or (3) requiring the use of another web browser. For example, a user could open, resize, move, close, or otherwise manipulate the "NEWS" and "TRAVEL" windows, shown above without forcing the entire CME to be refreshed.

---

[1] "Refresh" means updating "the displayed web page with the newest content." (*Claim Construction R&R* at 173.)

3

II.     **The Special Master's Recommendation**

In his Written Description R&R, the Special Master recommended that CA's motion for summary judgment of invalidity of the '882 Patent for failure to meet the written description requirement, and Simple's cross-motion in opposition, be dismissed as moot. (Written Description R&R at 1.)  According to the Special Master, CA's assertion that the '882 Patent failed to meet the written description requirement hinged on construing the term "network client" as a "customized web browser."  (*Id.* at  7.)  Because he had already concluded in his Report and Recommendation on Claims Construction, that the term "network client" should mean "web browser," the Special Master found that there was no longer a "substantive basis" for either parties' written description summary judgment motion.  (*Id.*)

III.    **Objections**

CA objects to the Written Description R&R because: (1) the Special Master should have defined a network client as a "customized browser;" and (2) so construing network client,  the '882 Patent does not meet the written description requirement of 35 U.S.C. § 112, ¶ 1, as it fails to even mention the term "customized web browser."  (CA's Objection to Special Master's Report and Recommendation Regarding Written Description (Dkt. No. 575), at 1,3, 7-9.) According to CA, Simple's failure to use the term "customized web browser" is relevant because the '882 Patent claims a customized network client very similar to the one claimed in the '563 Patent.  (*Id.* at 3.)   However, in prosecuting the '882 Patent, the patentee merely included a specification identical to the one found in the '493 Patent, its parent application.  (*Id.* at 6.) Thus, according to CA,  the '882 Patent claims subject matter almost identical to that claimed by

4

the '563 Patent but merely contains the disclosure found in the '493 Patent, which does not

describe  a customized web browser.  (*Id.* at 6-9.)

Simple filed no objections to the Written Description R&R.

**IV.    Standard of Review**

**A.    The Written Description R&R**

If objected to, findings of fact or legal conclusions recommended by the Special Master

will be reviewed *de novo*.  *See* Fed. R. Civ. P. 72(b); *Thomas E. Hoar v. Sara Lee Corp.,* 900

F.2d 522, 525 (2d Cir. 1990); *see also* Order Formally Appointing the Special Master, Docket

No. 152 at 4 (stating "Review of and appeal from all orders and recommendations, as well as the

appropriate standard of review shall be governed by Federal Rule of Civil Procedure 72 and

associated case law); Fed. R. Civ. P. 53(f)(3), (4).  Otherwise, the Special Master's findings of

fact or legal conclusions must be clearly erroneous to be overturned.  *See Benicorp Ins. Co. v.*

*Nat'l Med. Health Card Sys.*, 447 F. Supp. 2d 329, 331 (S.D. N.Y. 2006).

**B.    Patent Invalidity And the Written Description Requirement**

Section 112(1) of the Patent Act sets forth the requirements for a patent's specification.

It provides:

> The specification shall contain a [1] written description of the
> invention, and [2] of the manner and process of making and using
> it, in such full, clear, concise, and exact terms as to enable any
> person skilled in the art to which it pertains, or with which it is
> most nearly connected, to make and use the same, and [3] shall set
> forth the best  mode contemplated by the inventor of carrying out
> his invention.

35 U.S.C. § 112(1).  The three requirements contained in Section 112(1) – written description,

enablement and best mode – are distinct and must be raised as separate affirmative defenses.

*Univ. of Rochester v. G.D. Searle & Co., Inc*, 358 F.3d 916, 921 (Fed. Cir. 2004); *Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991); *In re Alton*, 76 F.3d 1168, 1172 (Fed. Cir. 1996).

The written description requirement is satisfied if a patent specification describes every claimed limitation of an invention well enough to convey to a person skilled in the art that the "patentee had possession of the claimed invention at the time of the application." *Lockwood v. Amer. Airlines, Inc*., 107 F.3d 1565, 1571-72 (Fed. Cir. 1997); *Invitrogen Corp. v. Clontech Labs.*, Inc., 429 F.3d 1052, 1072 (Fed. Cir. 2005); *LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1344-45 (Fed. Cir. 2005); *Reffin v. Microsoft Corp.*, 214 F.3d 1342, 1345 (Fed. Cir. 2000).

## V.     Analysis

CA's objections, as well as its written description defense, hinges on construing the term "network client" as a customized web browser.  In its Claim Construction Memorandum and Order, the Court, like the Special Master, rejected that construction and found that the term "network client" should be construed to mean "web browser."  (*See* Claim Construction Memorandum & Order at 72-82.)  Having previously rejected the lynchpin of CA's objections to the Written Description R & R, the objections are denied.

The Court has reviewed those portions of the Written Description R&R to which no objections were filed for clear error and has found none.

## VI.     Conclusion

CA's objections to the Written Description R&R are denied and the Court adopts the Special Master's Written Description R&R.  Accordingly, the motion of CA for summary

judgment of invalidity of the '882 Patent for failure to meet the written description requirement

and Simple's cross-motion are denied.

**SO ORDERED.**

Dated: Central Islip, New York
        March 5, 2009

                                        /s/
                                        Denis R. Hurley
                                        Senior District Judge