UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
CA, INC.,

                Plaintiff,         **MEMORANDUM & ORDER**

  -against-                        02 Civ. 2748 (DRH) (MLO)

SIMPLE.COM, INC., WIRED
SOLUTIONS, LLC., a revoked Nevada LLC,

                Defendants.
---------------------------------X

**APPEARANCES:**

**COVINGTON & BURLING**
Attorneys for Plaintiff
One Front Street
San Francisco, California 94111
By: Samuel F. Ernst, Esq., Robert D. Fram, Esq., Michael M. Markman, Esq., & Leonard Joseph Martiniak, Esq.

**FARRELL FRITZ, P.C.**
Attorneys for Defendants
EAB Plaza
West Tower-14th Floor
Uniondale, New York 11556
By: John P. McEntee, Esq.,

**FULBRIGHT & JAWORSKI LLP**
Attorneys for Defendants
666 Fifth Avenue
New York, NY 10103-3198
By: John E. Lynch, Esq. & Joseph P. Zammit, Esq.

**RIVKIN RADLER LLP**
Attorneys for Defendants
EAB Plaza
Uniondale, New York 11556
By: Celeste M. Butera, Esq. & Stephen J. Smirti, Jr., Esq.

**GALE R. PETERSON, ESQ.**
Special Master
112 E. Pecan Street
Suite 1800
San Antonio, Texas 78205

**HURLEY, Senior District Judge:**

Plaintiff CA Inc. ("CA"), formerly known as Computer Associates International Inc., commenced this action seeking a declaratory judgment that three patents owned by Defendants Simple.com, Inc. and Wired Solutions, LLC (collectively "Simple") are invalid, unenforceable, and not infringed by CA. Simple counterclaimed for infringement. A complete factual recitation regarding this matter is contained in the various Memorandums & Orders issued in this case,[1] familiarity with which is presumed. For present purposes it suffices to state that the three patents at issue relate to computer technology and are U.S. Patent Nos. 6,272,493, 6,434,563, and 6,535,882 (the '493, '563, and '882 Patents respectively).

In its Memorandum & Order dated May 26, 2009, the Court directed the parties to submit proposed judgments. The purpose of this memorandum is to address certain issues that have been raised in the parties' submissions, viz. whether the Court found claims 1, 5-9 and 12-13 of the '563 patent and claims 1, 5, and 16-17 of the '882 patent invalid not only as anticipated but as obvious; whether CA is the prevailing party; and whether the judgment should provide that each party bear its own costs (other than the expenses of the Special Master) and attorneys' fees.[2] The Court address these issues seriatim.

---

[1] *See*, *e.g.*, Claim Construction Memorandum and Order, dated March 5, 2009; Anticipation and Obviousness Memorandum and Order, dated March 5, 2009; Infringement Memorandum and Order, dated March 5, 2009; and Obviousness Memorandum and Order, dated March 17, 2009; Unfair Competition Memorandum and Order, dated May 26, 2009.

[2] The Court notes that initially there was a dispute regarding the Court's dismissal of CA's unfair competition claim. CA's proposed judgment provided that CA's unfair competition claim was "dismissed" while Simple's proposal stated it was dismissed "with prejudice." That dispute has been resolved in that CA has advised the Court that it does not object to the inclusion of "with prejudice" regarding the disposition of CA's unfair competition claim.

## I. Claims 1, 5-9 and 12-13 of the '563 Patent and Claims 1, 5, and 16-17 of the '882 Patent

In its Anticipation & Obviousness Memorandum and Order, dated March 5, 2009, the Court granted "CA's motion for summary judgment of anticipation . . . with regard to claims 1, 5, 6, 7, 8, 9, 12 and 13 of the '563 Patent as well as claims 1, 5, 16, and 17 of the '882 Patent in light of the JavaScript Bible." (Docket No. 820 at 184.) In its Obviousness Memorandum & Order, dated March 17, 2009, the Court stated as follows:

> To summarize, the record evidence clearly establishes that every asserted claim of the patents in suit is invalid as a matter of law. It is also clear, ***in this case***, that every claim that was rendered invalid under § 102 of the Patent Act would be rendered obvious under § 103. *See generally Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 n.2 (Fed. Cir. 2008) (stating that prior art reference which anticipates a claim does not necessarily render it obvious).

(Docket No. 829 at 81 (emphasis in original).)

Simple, referencing an earlier portion of the Obviousness Memorandum, argues that this language is dicta and the Court did not find the claims at issue invalid as obvious. To the extent its earlier decision may not have been clear, the Court hereby remedies any lack of clarity: This Court held that claims 1, 5, 6, 7, 8, 9, 12 and 13 of the '563 Patent as well as claims 1, 5, 16, and 17 of the '882 Patent are invalid as both anticipated and obvious. The Court shall therefore enter judgment accordingly.

## II. CA as Prevailing Party

Federal Rule of Civil Procedure 54(d) provides in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Simple takes the position that CA is not a prevailing party

3

because it "prevailed on only one-third of its claims; it succeeded on Count One, but Count Two was dismissed without prejudice and Count Three was dismissed with prejudice on Defendants' motion for summary judgment." (Simple's Letter dated June 15, 2009, Docket No. 834.) According to Simple "neither party prevailed sufficiently to require an award of costs." (*Id.* quoting *Ruiz v. A.B. Chance*, 234 F.3d 654, 670 (Fed. Cir. 2000)).

The applicable standard was set forth by the Federal Circuit in *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318 (Fed. Cir. 2004):

> In determining whether a party is a prevailing party in patent litigation, we apply the general principle that "to be a prevailing party, one must 'receive at least some form of relief on the merits,' which 'alters . . . the legal relationship of the parties.'" *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003), quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-05, 121 S. Ct. 1835, 149 L. Ed.2d 855 (2001). For example, in *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, we held that a defendant could qualify for attorney fees and costs when the defendant won on the issue of invalidity by virtue of collateral estoppel. 283 F.3d 1356, 1359-60 (Fed. Cir. 1999). . . .
>
> In this case . . . although the district court dismissed USX's invalidity counterclaims as moot in light of the PTO's reexamination, the district court did enter judgment in USX's favor on the issue of infringement. This is "relief on the merits which alters . . . the legal relationship of the parties." *Former Employees of Motorola*, 336 F.3d at 1364.

364 F.3d at 1320.

In the instant case, the Court has found in favor of CA and against Simple on the issues of both invalidity and infringement which qualifies as "relief on the merits which alters the legal relationship of the parties." *Id.* Accordingly, CA is a prevailing party.

4

**III. Costs and Attorneys' Fees**

As a prevailing party, CA is only "potentially eligible for an award of attorney fees and costs." *Inland Steel*, 364 F.3d at 1319-20; *cf. Kemin Foods, L.C. v. Pigmentos Vegetables Del Centro S.A. De C.V.*, 464 F.3d 1339, 1348 (Fed. Cir. 2006) (noting cost awards are committed to the discretion of the district courts). At the present time, neither a bill of costs nor a motion for attorneys' fees is before this Court.

With respect to costs, CA is hereby directed to serve and file a proposed bill of costs, together with appropriate authority therefor, within twenty (20) days of the date hereof. Simple shall then have twenty (20) days to serve and file objections thereto, together with appropriate authority therefor. CA shall then have ten (10) days to serve and file a reply. Entry of judgment shall await the determination of costs.

With respect to attorneys' fees, in the event CA intends to seek attorneys' fees, the following briefing schedule shall be adhered to by the parties. *See* Fed. R. Civ. P. 54(d)(2)(B) ("Unless . . . a court order provides otherwise, the motion [for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment . . . ."). CA shall serve (but not file) its moving papers on or before July 24, 2009; Simple shall serve (but not file) opposing papers on or before August 24, 2009; CA shall serve reply papers, if any, and file all papers with the Court, including a courtesy copy for Chambers, on or before September 9, 2009.

**IV. The Parties' Stipulation Regarding the Inequitable Conduct Claim.**

Although not in dispute, one last item bears mention. In their correspondence, the parties have advised the Court that they have entered into a stipulation regarding CA's claim for a declaratory judgment that the patents-in-suit are unenforceable for inequitable conduct. Under

5

the stipulation, the parties have agreed to the dismissal of that claim without prejudice to CA reasserting the claim in the event there is a remand from any appeal Simple might take. The proffered reason for the stipulation is to allow for the entry of a final judgment notwithstanding the Court's adoption of the Special Master's recommendation denying Simple's motion to dismiss that claim because of the existence of triable issues of fact. Accordingly, the entered judgment shall reflect the dismissal of the inequitable conduct claim pursuant to the partes' stipulation.

**SO ORDERED.**

Dated: Central Islip, New York
      June 23, 2009

                                        /s/
                                        Denis R. Hurley
                                        Senior District Judge